CENTRAL ICE CREAM COMPANY,
Plaintiff-Appellant,

v.

GOLDEN ROD ICE CREAM COMPANY,
Defendant-Appellee.

No. 12139.

United States Court of Appeals
Seventh Circuit.

April 23, 1958.

Rehearing Denied Sept. 5, 1958.

William C. Wines, J. Stirling Mortimer, Daniel J. Ryan, Chicago, Ill., for appellant.

Grover D. Rose, Claude A. Roth, Philip A. Rose, Harry E. Smoot, Chicago, Ill. (Rose, Burt & Pierce, Gottlieb & Schwartz, Bernard Weisberg, Chicago, Ill., of counsel), for appellee.

Before FINNEGAN, SCHNACKENBERG and PARKINSON, Circuit Judges.

FINNEGAN, Circuit Judge.

We are reviewing the dismissal of plaintiff's complaint for injunctive relief and damages grounded in the: Sherman Anti-Trust Act,[1] Clayton Act,[2] Robinson-Patman Act,[3] Civil Rights Act[4] and, the National School Lunch Act.[5] Without adjudicating the truth of

1. 15 U.S.C.A. § 1.

2. 15 U.S.C.A. § 13.

3. 15 U.S.C.A. §§ 13a and 13b.

4. 42 U.S.C.A. § 1985(3).

5. 42 U.S.C.A. § 1753.

plaintiff's allegations we can assume those which are well pleaded because of defendant's motion to dismiss the complaint and, then evaluate it, bearing in mind Mr. Justice Black's statement: "In appraising the sufficiency of the complaint we follow * * * the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 1957, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80. See also Rule 8, Federal Rules of Civil Procedure, 28 U.S.C.

Central Ice Cream Company, plaintiff, from whose complaint we report some admitted facts, and Golden Rod Ice Cream Company, defendant, are each respectively engaged in manufacturing ice cream from milk, cream and other ingredients in Illinois. After bringing in some essential ingredients from Wisconsin and other states, plaintiff sells its ice cream in Illinois and other states using interstate trucking for delivery. On the other hand defendant, as well, imports ingredients, for its product, in interstate commerce, and plaintiff alleges:

"So far as the plaintiff is informed the defendant makes no sale or deliveries of its ice cream outside of Illinois. But the defendant sells very substantial quantities of its ice cream to the Harvey Restaurant chain, whose exact corporate name is unknown to the plaintiff but is well known to the defendant. The defendant makes its deliveries of such ice cream to the Harvey restaurant chain at all or most of the railroad depots in Chicago. The Harvey chain, regularly and continually places a large portion of the ice cream that is thus delivered in the depots by the defendant on dining cars of passenger trains traveling in interstate commerce, the Harvey chain having dining car concessions with respect to many such trains. Thus the defendant is a conduit for the regular and continuous flow of such ice cream from the defendant's manufacturing plants in Illinois, where the ice cream is manufactured largely from ingredients imported into Illinois in interstate commerce, to the dining cars of passenger trains traveling in interstate commerce."

There are allegations about defendant's discriminatory and unlawful methods of competition which, conclusions of the pleader aside, manifest enough to warrant an assumption on our part they existed. What impact, if any, on interstate commerce there was is now a matter of proof, and Moore v. Mead's Fine Bread Co., 1954, 348 U.S. 115, 75 S.Ct. 148, 99 L.Ed. 145, warrants letting this complaint survive defendant's motion.

The case is reversed and remanded to the district court with directions to overrule the motion to dismiss the complaint.

Reversed and remanded with directions.