William J. LUDWIG, Appellant,

v.

AMERICAN GREETINGS CORPORA-
TION, Appellee.

No. 13549.

United States Court of Appeals
Sixth Circuit.

March 11, 1959.

Harry N. Kandel, Canton, Ohio (Ian Bruce Hart, Canton, Ohio, on the brief), for appellant.

Robert W. Poore, Cleveland, Ohio (James T. Lynn, of counsel, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, MARTIN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

Appellant brought this action in the District Court to recover treble damages for alleged violation by the appellee of Section 2 of the Clayton Act, as amended by Section 1 of the Robinson-Patman Act. Sections 13 and 15, Title 15 U.S. C.A. Reliance was also placed upon Section 3 of the Robinson-Patman Act, Section 13a, Title 15 U.S.C.A., but subsequent to the decision of the District Court the Supreme Court decided Nashville Milk Co. v. Carnation Co., 355 U.S. 373, 78 S.Ct. 352, 2 L.Ed.2d 340, and in view of the ruling in that case reliance upon Section 3 of the Robinson-Patman Act has been properly abandoned on this appeal.

The complaint alleges that the appellee was engaged in the business of manufacturing at its plant in Cleveland, Ohio, greeting cards together with related products, such as paper and ribbons, and selling and distributing its products in interstate commerce to more than 40,000 retail customers or purchasers throughout the United States; that the appellant, as an individual, had been engaged in the business of purchasing from manufacturers and reselling at wholesale to various retail customers and purchasers in the state of Ohio greeting cards which constituted a substantial competitive product to the greeting cards manufactured and sold by the appellee in the same territory; that the appellee in the course of its business had done certain acts, hereinafter set out more in detail, with the effect of interfering with the resale of merchandise of the appellant as a competitor, which acts had and continued to have a tendency unduly to restrain, hinder, suppress and eliminate competition between the appellee and the appellant in the sale and distribution of greeting cards in commerce; and that appellant had been injured in his business in the amount of $15,158.00 by reason of said acts which were forbidden by the anti-trust laws of the United States.

Several specific acts on the part of the appellee are set out in the complaint, including the allegations that (1) appellee bought and took over stocks of greeting cards sold by the appellant to retail sellers and arranged with retail customer sellers of the appellant to junk and destroy stocks of greeting cards distributed to such retail sellers by the appellant, (2) that appellee furnished new greeting card display cabinets free of charge to retail sellers formerly serviced by the appellant, provided said retail sellers would transfer their business from the appellant to the appellee, (3) that appellee offered to repurchase greeting card display cabinets from retail sellers, and to pay a cash bonus to such retail sellers as an inducement to drop the line of greeting cards supplied by the appellant and to take on cards supplied by the appellee, and (4) that appellee agreed to place former retail customers of the appellant on a consignment basis in order to induce such customers to transfer their business from appellant to appellee.

The material allegations of the complaint were denied by the appellee. After hearing evidence, the District Judge sustained the motion of appellee for judgment and entered an order dismissing the complaint, from which this appeal was taken.

■ In making his ruling, the District Judge referred to the fact that diversity of citizenship did not exist, and stated that although the acts complained of might properly be the subject of an unfair competition suit in the state court, in his opinion, they were not such as to confer under the statute a right· on the part of the plaintiff to maintain a private action in the District Court, and that he was without jurisdiction to consider it. He made no findings of fact with respect to whether the appellee had · or had not engaged in the practices complained of, or what practices the appellee had engaged in in its competition with the appellant. Accordingly, we have no findings of fact to review in the light of the evidence or to use as a basis for deciding whether they support the District Judge's conclusion of law. On the contrary, the District Judge stated in his opinion that "under the *complaint* in this case the charges *alleged* are not such as to confer under the statute the right of private litigation on the part of the plaintiff" (emphasis added). In view of that statement and in the absence of findings, we will only consider on this review whether the charges alleged in the complaint constitute a violation by the appellee of the anti-trust laws of the United States, and, if so, whether the appellant is a person within the meaning of Section 15, Title 15 U.S.C.A., who has been injured in his business or property by reason thereof. If we decide those questions in the affirmative, the judgment must be reversed. Section 15, Title 15, U.S.C.A.

The answer to this question is found by a consideration of Section 2, subsections (a) through (e) of the Clayton Act as amended by the Robinson-Patman Act, Section 13(a)–(e), Title 15 U.S.C.A. Nashville Milk Co. v. Carnation Co., supra, 355 U.S. 373, 378–379, 382, 78 S.Ct. 352, 2 L.Ed.2d 340.

■ Appellee contends that the complaint does not allege any discrimination in price by it between different purchasers of its greeting cards, which is a requirement under Section 2(a) of the Act. Section 13(a), Title 15 U.S. C.A. The statute makes unlawful price discrimination which is either direct or indirect. Various trade practices have been held to constitute indirect price discrimination. Examples are the inclusion of improper freight rates, the granting to favored customers of purchase options at existing prices in a rising market, special discounts, and special rebates. Corn Products Refining Co. v. Federal Trade Commission, 324 U.S. 726, 740, 65 S.Ct. 961, 89 L.Ed. 1320; Federal Trade Commission v. Morton Salt Co., 334 U.S. 37, 42–44, 68 S.Ct. 822, 92 L.Ed. 1196; Moog Industries, Inc., v. Federal Trade Commission, 8 Cir., 238 F.2d 43, 50, affirmed 355 U.S. 411, 78 S.Ct. 377, 2 L.Ed.2d 370, rehearing denied 356 U.S. 905, 78 S.Ct. 559, 2 L.Ed.2d 583. We are of the opinion that placing former retail customers of the appellant on a consignment basis in order to induce such customers to transfer their business to the appellee, as charged in the complaint, constitutes in substance a prima facie case of indirect price discrimination. It is true that such a prima facie case may be rebutted, but the burden of doing so is upon the person charged with the violation. Section 2(b) of the Act, Section 13(b), Title 15 U.S.C.A. The District Judge did not reach or pass upon such an issue.

■ Other types of discrimination are made unlawful under subsections (c) (d) and (e) of the Act, Sections 13(c) (d) and (e), Title 15 U.S.C.A. Subsection (c) makes it unlawful to pay or grant a commission or compensation, except for services rendered, in connection with the sale of goods, wares or merchandise. Subsection (d) makes it unlawful to pay anything of value in consideration for any services or facilities furnished by a customer in connection with the handling or offering for sale of any products sold to him, unless such consideration is available on proportionally equal terms to all other customers competing in the distribution of such products. Subsection (e) makes it unlawful to discriminate in favor of one purchaser against another purchaser of a commodity bought

for resale by furnishing any services or facilities connected with the handling of such commodity so purchased, upon terms not accorded to all purchasers on proportionally equal terms. We believe that the furnishing by appellee of new greeting card display cabinets free of charge to retail sellers formerly serviced by the appellant and the payment of a cash bonus to certain retail customers of the appellant as an inducement to purchase appellee's cards instead of appellant's, as charged in the complaint, constitute a violation of these sections of the statute. Elizabeth Arden Sales Corp. v. Gus Blass Co., 8 Cir., 150 F.2d 988, certiorari denied 326 U.S. 773, 66 S.Ct. 231, 90 L.Ed. 467; Elizabeth Arden, Inc., v. Federal Trade Commission, 2 Cir., 156 F.2d 132; Sun Cosmetic Shoppe v. Elizabeth Arden Sales Corp., 2 Cir., 178 F.2d 150; United Cigar-Whelan Stores Corp. v. H. Weinreich Co., D.C.S.D.N.Y., 107 F.Supp. 89, 91; National Nut Co. v. Kelling Nut Co., D.C.N.D.Ill., 61 F.Supp. 76, 83.

 The opinion of the District Judge indicates that the principal reason for his ruling was because this action was on behalf of a competitor of the appellant rather than by a customer claiming discrimination between himself and another customer. The present action by a competitor appeared to him to be more in the nature of unfair competition than a violation of the anti-trust laws. It may be that appellant might have a cause of action for unfair competition, but such remedy is not an exclusive one. The Act has been construed as giving a right of action to a competitor who is injured in his business as well as to a customer who has been discriminated against. Moore v. Mead's Fine Bread Co., 348 U.S. 115, 118, 75 S.Ct. 148, 99 L.Ed. 145; Mandeville Island Farms, Inc., v. American Crystal Sugar Co., 334 U.S. 219, 236, 68 S.Ct. 996, 92 L.Ed. 1328; Central Ice Cream Co. v. Golden Rod Ice Cream Co., 7 Cir., 257 F.2d 417, 418; Kentucky-Tennessee Light & Power Co. v. Nashville Coal Co., D.C.W.D.Ky., 37 F.Supp. 728, 735; affirmed Fitch v. Kentucky-Tennessee Light & Power Co., etc., 6 Cir., 136 F.2d 12, 149 A.L.R. 650; Streiffer v. Seafarers Sea Chest Corp., D.C.E.D.La., 162 F.Supp. 602, 607.

Certain affirmative defenses pleaded by the appellee were not involved in the District Court's ruling and have not been considered on this review. They remain open for a ruling by the District Judge in the further proceedings in this case.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.