William J. LUDWIG, Plaintiff-Appellant,

v.

AMERICAN GREETINGS CORPORATION, Defendant-Appellee.

No. 14053.

United States Court of Appeals Sixth Circuit.

Oct. 12, 1960.

918

Ian Bruce Hart, Canton, Ohio (Harry N. Kandel, Canton, Ohio, on the brief), for appellant.

Robert W. Poore, Cleveland, Ohio (James T. Lynn, Jones, Day, Cockley & Reavis, Cleveland, Ohio, on the brief), for appellee.

Before MARTIN, MILLER and WEICK, Circuit Judges.

PER CURIAM.

Appellant brought this action in the District Court to recover treble damages for alleged violation by the appellee of Sec. 2 of the Clayton Act, as amended by Sec. 1 of the Robinson-Patman Act. Sections 13 and 15, Title 15 U.S.C.A.

On a prior appeal, a judgment for the defendant, based upon the pleadings, was reversed, the Court being of the opinion that the allegations of the complaint stated a cause of action. The case was remanded to the District Court with instructions that the District Judge make findings of fact with respect to whether the appellee had or had not engaged in the practices complained of. We also pointed out that certain defenses pleaded by the appellee remained open for a ruling by the District Judge in the further proceedings in the case. Ludwig v. American Greetings Corp., 6 Cir., 264 F. 2d 286. A statement of the controversy will be found in the opinion in that case.

Following remand, the District Judge made detailed findings of fact, upon which judgment for the appellee was again entered, followed by this appeal.

The District Judge held that the furnishing by appellee of greeting card display cabinets to its customers free of charge in the area involved, did not violate subsection (e), Sec. 2, of the Act, Sec. 13(e), Title 15 U.S.C.A. because such action did not constitute discrimination among competing *purchasers* as contemplated by such subsection. He also found as a fact that in order to meet the competition afforded by a competitor's no-charge cabinet policy, appellee in good faith likewise began giving, and thereafter did give its customers in the territory cabinets free of charge.

With respect to deliveries on consignment, being so-called guaranteed sales to customers, the District Judge held that such sales by appellee did not violate subsection (a), Sec. 2, of the Act, because neither the tendency nor the effect of such discrimination was to substantially lessen competition or tend to create a monopoly or to injure, destroy or prevent competition as contemplated by subsection (a), but rather the tendency and effect was to enhance competition by duplicating inducements being offered by competitors. He also found as fact that in order to meet the competition afforded by appellant's guaranteed sales policy, appellee in good faith likewise gave its customers the guaranteed sales privilege.

In our opinion, the findings of fact are supported by the evidence, are not clearly erroneous, and must be accepted on this review.

Subsection (b) of Sec. 2 of the Act, Sec. 13(b), Title 15 U.S.C.A. provides

that nothing contained in Sec. 2 of the Act shall prevent a seller rebutting a prima facie case made against him by showing that his lower price or the furnishing of services or facilities to any purchaser or purchasers was made in good faith to meet an equally low price of a competitor, or the services or facilities furnished by a competitor.

The ruling of the District Judge in dismissing the action based upon the foregoing findings was a correct application of the provisions of the Act. See: Federal Trade Commission v. Simplicity Pattern Co., Inc., 360 U.S. 55, 66–67, 79 S.Ct. 1005, 3 L.Ed.2d 1079; Standard Oil Co. v. Federal Trade Commission, 340 U.S. 231, 246–251, 71 S.Ct. 240, 95 L.Ed. 239.

The judgment is affirmed.