GROCERY AND FOOD PRODUCTS WAREHOUSE EMPLOYEES UNION LOCAL NO. 738, Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Plaintiff,

v.

THOMSON AND TAYLOR SPICE CO., Inc., an Illinois corporation, Defendant.

No. 62 C 1317.

United States District Court
N. D. Illinois, E. D.

Feb. 13, 1963.

Lee M. Burkey, Asher, Gubbins & Segall, Chicago, Ill., for plaintiff.

Edward A. Cooper, Schwartz & Cooper, Chicago, Ill., for defendant.

WILL, District Judge.

Plaintiff union represents all hourly paid employees at defendant's Chicago plant. At all times here relevant, there was in effect between plaintiff and defendant a collective bargaining agreement of which Article 23, entitled "Machinery for Adjustment of Grievances", provides in pertinent part as follows:

"Should an employee subject to this agreement believe he has been unjustly dealt with, he must present his grievance orally to the foreman of his department * * * within

five days of the event claimed to result in a grievance. If the claim of grievance is not then adjusted to the employee's satisfaction, it shall be reduced to writing by the employee and immediately given to the Union, and the Union shall notify the employer, in writing, of the claim of grievance. If the grievance is still unsettled, the following steps shall be taken in the order given thereafter until a settlement is reached:

"(a) Within five (5) days of the negotiations by the union to [sic] the Employer of the employee's grievance, the Union and the employee claiming grievance shall discuss the grievance with the foreman of the department involved; and if this fails to settle the grievance, then within the next five (5) days;

"(b) An individual designated by the Union shall discuss the grievance with the appropriate executive of the company or his representative; and if this does not result in a settlement or compromise, then within the ten days after such latter conference the matter in controversy shall, on the written request of either party be submitted to a board of arbitration; and both parties hereto agree that if one party hereto requests an arbitration, the other will participate in and be bound by it. * * * A majority decision of the board of arbitration shall be final and binding upon all parties and all parties shall be obligated to abide and agree to abide by such decision in complete good faith. Any expenses of such arbitration herein, including arbitrators' fees, if any, shall be paid equally by the Employer and the Union."

■ The present motion being one to dismiss the complaint, all well-pleaded factual allegations must be taken as true. Central Ice Cream Co. v. Golden Rod Ice Cream Co., 7 Cir., 1958, 257 F.2d 417, 418. On April 17, 1962, defendant, a corporation engaged in interstate commerce, decided to shut down all operations for the following April 20, Good Friday. On the 19th, plaintiff advised defendant by telegram that such a shutdown would violate the guaranteed work week provisions of the collective bargaining agreement, and that if defendant's plan was carried out plaintiff would insist on arbitration of this issue. Nevertheless, the plant was closed down on April 20. By a letter dated April 24, plaintiff through its attorneys notified defendant that it desired to submit the shutdown to arbitration and named its representative.

On April 27, defendant laid off five employees. By a letter dated May 10, plaintiff, through its attorneys, stated its desire also to submit the discharges to arbitration and named the same representative. Defendant has at all times refused to arbitrate either of these two grievances. In July, plaintiff filed this complaint seeking a court order compelling defendant to so arbitrate.

■ The Court's jurisdiction is founded upon section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185(a), which section reads as follows:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

This statute authorizes federal courts to enforce promises to arbitrate grievance disputes contained in collective bargaining agreements. Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 451, 77 S.Ct. 912, 1 L.Ed.2d 972. Federal substantive law applies to litigation based on section 301(a). Id. 353 U.S. at 456, 77 S.Ct. at 917.

Defendant's motion to dismiss the complaint is on the ground that it fails to allege plaintiff's compliance with the con-

ditions precedent to submission to arbitration as set out in Article 23. Defendant submits uncontroverted affidavits of its foreman and of its president (the latter's affidavit states that he is "the appropriate executive" referred to in Article 23(b)) to the effect that no union representative discussed this matter with either of them during the Article 23 period or at any other time. Plaintiff's only responses are that (1) procedural arbitrability is an issue to be decided by the arbitrator and not by the Court, and (2) defendant's failure to raise procedural objections to arbitration at the time that plaintiff demanded it in effect estops defendant from objecting on such grounds now.

Plaintiff neither disputes the applicability of Article 23 nor argues that any other provision of the contract is relevant to the instant litigation. Furthermore, plaintiff offers no reason for its failure to exhaust the procedural conditions precedent to arbitration prescribed in the contract. There is here no allegation that negotiation would have been futile or that plaintiff tried to utilize the three-step procedure of Article 23 but that defendant refused to participate.

The merits of the relevant grievances are not before the Court. Without deciding, it will be assumed that the controversies are arbitrable. This leaves the following questions pending: (1) who is to determine if these grievances are arbitrable at this time, (2) if the Court is to make this decision, are the instant disputes so arbitrable, and (3) is defendant estopped from raising questions of alleged procedural conditions precedent?

While there are conflicting authorities on the issue of who decides when a labor controversy is ripe for arbitration, the Court of Appeals for this circuit has held that the question is properly determined by the Court. Brass & Copper Workers Federal Labor Union No. 19322 AFL–CIO v. American Brass Co., 7 Cir., 1959, 272 F.2d 849, 854, cert. denied, 1960, 363 U.S. 845, 80 S.Ct. 1609, 4 L.Ed.2d 1728, rehearing denied, 1960, 364 U.S. 856, 81 S.Ct. 34, 5 L.Ed.2d 81.

■■ Where the parties contract to submit grievances to arbitration only after certain conditions precedent are performed, this Court may not require submission prior to the performance of such conditions. Courts may compel parties to arbitrate only in those instances in which they have contracted so to do. United Steelworkers of America v. Warrior & Gulf Navig. Co., 1960, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409. Under the instant contract, the grievance procedure and arbitration are clearly consecutive, not alternative, methods of settlement.

Besides being a matter of contract, the grievance procedure is obviously sensible. For example, Article 23 provides that the expenses of arbitration are to be shared equally by employer and union. Plaintiff, no more than defendant, should be compelled to face the burden and expense of arbitration which would result if, each time an employee presented a grievance, either party could demand immediate arbitration without prior negotiation. More important, the grievance procedure is designed to permit negotiated settlements between the parties, with give and take depending on each side's assessment of its own stake in the dispute, and to obviate formal contestation of every controversy which arises. The parties contracted to attempt to resolve grievances amicably; the present dispute should be no exception.

■■ The plaintiff's estoppel (what it terms the "unclean hands") argument may be disposed of readily. The union knew or should have known the terms of its own contract, and the provisions with respect to grievance procedure are very clear. Therefore, it must or should have realized that its demand for arbitration was premature. In these circumstances, defendant was not obligated to remind plaintiff to proceed as it knew it had promised contractually to do. On the other hand, having correctly contended that the conditions precedent to arbi-

tration must be observed, the defendant should not now be heard to raise any objection to so proceeding even though the time periods therefor specified in the contract have passed. Cf. International Association of Machinists v. Hayes Corp., 5 Cir., 1961, 296 F.2d 238, 244.

Plaintiff not being entitled to submit this matter to arbitration at this time, defendant's motion to dismiss must be granted. The complaint is dismissed.