**OIL WELL COMPANY, a Florida corporation, Plaintiff,**

v.

**ALABAMA STATE DEPARTMENT OF REVENUE et al., Defendants.**

**Civ. A. No. 3241–N.**

United States District Court,
M. D. Alabama, N. D.

Oct. 15, 1971.

John B. Scott, Jr., Capell, Howard, Knabe & Cobbs, and Carl Bolch, Jr., Montgomery, Ala., for plaintiff.

William H. Burton, Asst. Counsel, Dept. of Revenue, Montgomery, Ala., for defendants.

## ORDER AND JUDGMENT

JOHNSON, Chief Judge.

The plaintiff, Oil Well Company, operates a chain of gasoline filling stations in Florida, Georgia, Louisiana, and Alabama, including a retail filling station at Auburn, Alabama, which operates under the trade name of "Raceway." Included as defendants are the Alabama State Department of Revenue, Harvey L. Rabren, as Commissioner of Revenue at the time this suit was filed, and his successors, and B. B. Atkins, as Chief of the Tobacco Tax Division of the Department of Revenue, and his successors.

In its complaint plaintiff alleges that pursuant to a show cause order which was issued to the manager of its Raceway station at Auburn, a hearing was conducted before defendant Atkins concerning whether the plaintiff's retail tobacco license for Raceway should be re-voked. Plaintiff was charged with violating the Alabama Unfair Cigarette Sales Act. *See* Title 57, §§ 83(1)–83(14), Alabama Code. Subsequent to this hearing and an informal meeting with defendant Rabren, an order revoking the license was issued on November 13, 1970. After alleging that there are no statutory or administrative remedies available for the appeal of this revocation, the plaintiff concludes that it has exhausted its state remedies.

This cause is now submitted upon the several issues formulated by the pleadings, the evidence and the briefs. The evidence consists of interrogatories and the answers thereto, a stipulation of the parties, depositions and the oral testimony presented in open court by various witnesses. This Court, as authorized by Rule 52, Federal Rules of Civil Procedure, now incorporates in this memorandum opinion the appropriate findings of fact and conclusions of law.

As its first theory of relief, plaintiff has alleged that the actions of Atkins and Rabren, taken in an attempt to revoke plaintiff's retail tobacco license, demonstrated a systematic and uniform disregard for the "intent" requirements of the Alabama Unfair Cigarette Sales Act. Plaintiff has further alleged that these agents of the Department have administered and enforced the Act as merely a price-fixing statute. Plaintiff concludes that these actions taken in the administration and enforcement of the Act are arbitrary and capricious and deny plaintiff due process and the equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

Based upon all the evidence presented in this case it is the finding and conclusion of this Court that plaintiff has failed to sustain its burden of proof in demonstrating arbitrary and capricious action on the part of the defendants. Accordingly, relief under this theory is due to be denied.

As the second prong of its attack, plaintiff contends that the evidentiary

presumptions contained in sections 83(3) [1] and 83(4) [2] of the Act are unconstitutional in that persons charged with violations are subjected to a presumption of guilt without proof of wrongful intent. Plaintiff alleges that the presumption in § 83(4)(*l*)2 is arbitrary and capricious since its method of cost accounting and its volume sales make such a percentage inapplicable. The challenge to § 83(3)(b) is on two fronts: first, that the fact presumed cannot fairly be inferred from the fact proven and, second, that it shifts an unreasonable burden of proof to the accused. These presumptions are said to be so unreasonable as to constitute a deprivation of due process guaranteed by the Fourteenth Amendment.

Unfair sales acts, such as the one in issue here, attempt to meet the problems of cost accounting by establishing a percentage mark-up which is presumptively equal to the cost of doing business. This business expense, in the absence of proof of a lower cost, is presumed to be six percent, or more, depending upon state-to-state variations. S. Oppenheim, Unfair Trade Practices 447 (2d ed. 1965).

Every business enterprise has various overhead expenses which are the natural result of doing business. It is reasonable accounting procedure to characterize this expense as contributing to the cost of each item to the retailer. Certainly the total cost of operation between merchants may vary greatly. In addition, the cost attributable to a particular item will vary from enterprise to enterprise, despite the fact that in the aggregate the two businesses might have equal expenses. Thus, in order to accommodate individual differences in cost and at the same time establish some standard for compliance with the law, it is not unreasonable for the state to provide a presumed percentage for overhead. The statute provides the opportunity for the retailer, the one with the access to and understanding of the pertinent records, to demonstrate that a different cost is applicable.

■ The Alabama Supreme Court has found the entire Unfair Cigarette Sales Act valid on its face, including the cost presumption. Simonetti, Inc. v. State ex rel. Gallion, 272 Ala. 398, 409, 132 So.2d 252 (1961). In Borden Co. v. Thomason, 353 S.W.2d 735, 756 (Mo.1962), the Missouri Supreme Court upheld an identical eight percent presumption as it was applied to a grocer's cost of doing business. There seems to be no merit to the contention that this section is unconstitutional. See Oppenheim, *supra*.

■ As to the question of intent, it is clear that it is a necessary element of a violation of the Act. San Ann Tobacco Co. v. Hamm, 283 Ala. 397, 402, 217 So.2d 803 (1968). In the analogous situation of a violation of the Robinson-Patman Price Discrimination Act, it has been held that once a prima facie case of a violation has been presented, it is not unreasonable that the burden of proof

---

1. Title 57, § 83(3)(b), Alabama Code:
   Evidence of advertisement, offering to sell, or sale of cigarettes by any wholesaler or retailer at less than cost to him shall be prima facie evidence of intent to injure competitors and to destroy or substantially lessen competition.

2. Title 57, § 83(4)(*l*), Alabama Code:
   1. The term "cost to retailer" shall mean the "basic cost of cigarettes" to the retailer plus the "cost of doing business by the retailer," as evidenced by the standards and methods of accounting regularly employed by him in his allocation of overhead costs and expenses, paid or incurred, and must include, without limitation, labor (including salaries of executives and officers), rent, depreciation, selling costs, maintenance of equipment, delivery costs, all types of licenses, taxes, insurance and advertising.

   2. In the absence of proof of a lesser or higher cost of doing business by the retailer making the sale, the "cost of doing business by the retailer" shall be presumed to be eight per centum (8%) of the "basic cost of cigarettes" to the retailer.

shift to the defendant. Ludwig v. American Greetings Corp., 264 F.2d 286, 288 (6th Cir. 1959). This approach is consistent with common sense in light of the difficulty of demonstrating the subjective intent of the accused. Of necessity the state must rely upon those objective manifestations which are available. Nor does it seem unreasonable that the fact of sale below cost should be used to establish intent inasmuch as it is one of the few objective acts available. Again, the accused has access to his own intent and has the opportunity to rebut the prima facie case. This Court is clear that the presumptions found in the Act are reasonable and do not render it unconstitutional.

■ In its third claim plaintiff alleges that the scope and purpose of the Act demonstrate that it is not a valid exercise of the police power. Numerous states have enacted statutes designed to prevent selling below cost. By 1965, approximately 30 states had done so. 4 CCH Trade Reg.Rep. §§ 30,000–35,530. In Safeway Stores, Inc. v. Oklahoma Retail Grocers Ass'n., 360 U.S. 334, 79 S. Ct. 1196, 3 L.Ed.2d 1280 (1959), the Supreme Court upheld the Oklahoma Unfair Sales Act as a constitutional exercise of the police power. In that case the Court had occasion to note:

> One of the chief aims of state laws prohibiting sales below cost was to put an end to "loss-leader" selling. The selling of selected goods at a loss in order to lure customers into the store is deemed not only a destructive means of competition; it also plays on the gullibility of customers by leading them to expect what generally is not true, namely, that a store which offers such an amazing bargain is full of other such bargains. Clearly there is a reasonable basis for a conclusion that selective price cuts tend to per-

petuate this abuse * * *. *Id.* at 340, 79 S.Ct. at 1201.

It seems reasonable to conclude, as did the Court in *Safeway*, that the courts ought not to interpose their own economic views or guess when the state has made its choice. 360 U.S. at 341, 79 S. Ct. 1196.

In fact, there is a definite suggestion in plaintiff's complaint that it is using cigarettes in the nature of a loss leader. Plaintiff admits that its cigarettes are priced in order to maximize income from both the cigarettes *and* the total income of the station. The low price of the cigarettes, although providing some profit according to plaintiff's unrealistic method of accounting, is essentially a lure to procure gasoline customers. As a matter of fact, the evidence presented in this case reflects that in order for plaintiff theoretically to claim it is not selling below cost, none of the total operational cost of its business is allocated to cigarettes. This final claim of plaintiff is similarly without merit.

Accordingly, this Court concludes:

1. That the defendant Department of Revenue and its agents have acted reasonably in enforcing the Alabama Unfair Cigarette Sales Act against the plaintiff;

2. That the presumptions of Title 57, §§ 83(3)(b) and 83(4)(l) par. 2 are not unconstitutional;

3. That the Alabama Unfair Cigarette Sales Act is a valid exercise of the police power.

It is, therefore, the order, judgment and decree of this Court:

1. That judgment be and it is hereby entered against plaintiff and in favor of defendants;

2. That the costs of this litigation be and they are hereby taxed to the plaintiff, for which execution may issue.